1  Nathan Fransen, SBN 242867
   Paul J. Molinaro, SBN 242879
2  FRANSEN AND MOLINARO, LLP
   1101 California Avenue, Suite 102
3  Corona, CA 92881
   Telephone: (951) 520-9684
4  Fax: (951) 284-1089
   nfransen@fransenandmolinaro.com
5  pmolinaro@fransenandmolinaro.com

6  Attorneys for Plaintiff, Roger M. Gomez

FILED
07 DEC 27 PM 4: 26
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

7              UNITED STATES DISTRICT COURT
8          SOUTHERN DISTRICT OF CALIFORNIA

'07 CV 2423 W WMc

| | |
|---|---|
| ROGER MICHAEL GOMEZ, | CIVIL ACTION NO.: _____ |
| Plaintiff, | DATE: _____ |
| v. | COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL |
| ESTATE OF JAMES ROBERT SWAB and DOES 1-10 | 1. VIOLATIONS OF THE TRUTH IN LENDING ACT, RIGHT TO CANCEL |
| Defendants. | 2. VIOLATIONS OF THE TRUTH IN LENDING ACT, MATERIAL DISCLOSURES |
| | 3. VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 |
| | 4. IMPOSITION OF CONSTRUCTIVE TRUST |
| | 5. CANCELLATION OF INSTRUMENT |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

### JURISDICTION

1. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331, 1337. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2614.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

### PRELIMINARY STATEMENT

Fransen & Molinaro, LLP
1101 California Ave. Ste. 102
Corona, CA 92881
Tel. (951)520-9684

Fransen & Molinaro, LLP
1101 California Ave. Ste. 102
Corona, CA 92881
Tel. (951)520-9684

3. This Complaint is filed under the Truth in Lending Act, 15 U.S.C. § 1601 (Hereafter "TILA) to enforce the rights of Plaintiff Roger Michael Gomez (Hereafter "Plaintiff") to rescind a consumer credit transaction, to void the security interest of Defendant Estate of James Robert Swab (Hereafter "Swab") in Plaintiff's home, which is identified as 1625 Griffin Street, Oceanside, California 92054, further identified as Assessor's Parcel Number: 153-153-07, Legal Description: LOT: 7; BLOCK: C; CITY: OCEANSIDE; SUBDIVISION: W H POTTER SUBDIVISION; RECORDER'S MAP REFERENCE: MAP2886, County of San Diego, State of California as filed in the Office of the County Recorder of San Diego County (Hereafter "Subject Property"), to enjoin Defendant Swab from transferring title or otherwise transferring any interest in the Subject Property to any third party, to enjoin Defendant Swab from taking any action to evict Plaintiff from the Subject Property, and to recover statutory damages, reasonable attorney's fees and costs by reason of Defendant Swab's violations of TILA and Regulation Z, 12 C.F.R. § 226 (Hereafter "Regulation Z").

4. Plaintiff also seeks damages for violations of California Business and Professions Code § 17200 by Defendant Swab.

## PARTIES

5. Plaintiff is an individual and natural person who is, and at all times relevant to this action was, a resident of the State of California and the County of San Diego, and residing at the Subject Property.

6. Plaintiff believes that Defendant Swab is, or at all times relevant to this action was, an individual residing in the County of San Diego with a mailing address of P.O. Box 194, Carlsbad, California 92018. Plaintiff believes that Defendant Swab died on or about June 23, 2007, and that the affairs of the Estate of James Robert Swab are being handled by his widow, Shirley Ann Statham-Swab with a mailing address of P.O. Box 194, Carlsbad, California 92018.

7. Plaintiff believes, and thereon alleges, that at all times relevant hereto, Defendant Swab, in the ordinary course of business, regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than

Fransen & Molinaro, LLP
1101 California Ave. Ste. 102
Corona, CA 92881
Tel. (951)520-9684

1    four installments.

2  8. That the true names or capacities, whether individual, corporate, associate, or otherwise of

3     Defendants, DOES 1 through 10, inclusive, are unknown to Plaintiff, whom therefore sues said

4     Defendants by such fictitious names and capacities and will amend this complaint to show

5     their true names and capacities when the same have been ascertained.

6  9. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each

7     Defendant, including Does 1 through 10, inclusive, was the agent, employee, or assign of each

8     of the remaining Defendants and, in doing the things alleged, was acting within the scope of

9     that agency, employment, or assign.

10                          **FACTUAL ALLEGATIONS**

11  10. The allegations of this complaint stated on information and belief are likely to have evidentiary

12      support after a reasonable opportunity for further investigation or discovery.

13  11. On or about June 27, 2006, Plaintiff entered into a consumer credit transaction (Hereafter

14      "Loan Transaction") with Defendant Swab in which the extended consumer credit was subject

15      to a finance charge and which was initially payable to Defendant Swab.

16  12. A copy of the written credit agreement evidencing the Loan Transaction is attached to this

17      Complaint, marked "EXHIBIT A, NOTE SECURED BY DEED OF TRUST" and by this

18      reference is incorporated herein. The terms of the credit agreement are further set forth in

19      writing in the Deed of Trust with Assignments of Rents and in the escrow instructions from

20      AMF Funding Group (Hereafter "AMF"). A copy of the short form of the Deed of Trust with

21      Assignments of Rent is attached to this Complaint, marked "EXHIBIT B, DEED OF TRUST

22      WITH ASSIGNMENT OF RENTS" and by this reference is incorporated herein. The escrow

23      instructions for the Loan Transaction are attached to this Complaint, marked as "EXHIBIT C,

24      AMF FUNDING GROUP ESCROW INSTRUCTIONS" and by this reference are

25      incorporated herein.

26  13. As part of the Loan Transaction, Defendant Swab retained a security interest in the Subject

27      Property, which was the principal dwelling of Plaintiff. This security interest is reflected in the

28      Note Secured by Deed of Trust which is attached to this Complaint as EXHIBIT A, NOTE

1    SECURED BY DEED OF TRUST, and by the Deed of Trust with Assignment of Rents

2    attached to this Complaint as EXHIBIT B, DEED OF TRUST AND ASSIGNMENT OF

3    RENTS.

4    14. The security interest was not created to finance the acquisition or initial construction of

5    Plaintiff's dwelling.

6    15. Plaintiff transacted with Defendant Swab for the purpose of obtaining a loan using his

7    principle dwelling as collateral.

8    16. The terms of the Loan Transaction as arranged by Defendant Swab are as follows: A loan

9    amount of four hundred and ten thousand dollars ($410,000.00) at an interest rate of ten and

10   one-half percent (10.500%) which was fixed for the five-year life of the loan. Monthly interest

11   only payments were to commence on July 26, 2006 and continue thereafter until June 26, 2011

12   at which time any unpaid balance would be immediately due and payable. These terms are

13   reflected in the Note Secured by Deed of Trust which is attached as EXHIBIT A, NOTE

14   SECURED BY DEED OF TRUST.

15   17. The terms of the Loan Transaction as arranged by Defendant Swab are also set forth in the

16   Balloon Payment Disclosure which is attached to this Complaint, marked as "EXHIBIT D,

17   BALLOON PAYMENT DISCLOSURE" and by this reference is incorporated herein. This

18   Balloon Payment Disclosure provides for repayment of the four hundred and ten thousand

19   dollar ($410,000.00) loan amount in monthly payments from Plaintiff to Defendant Swab in

20   the amount of three thousand five hundred eighty-seven dollars and fifty cents ($3,587.50) for

21   fifty-nine (59) months with a final balloon payment of four hundred thirteen thousand five

22   hundred eighty-seven dollars and fifty cents ($413,587.50) due on June 26, 2010.

23   18. In the afternoon of November 29, 2007, Plaintiff hand delivered a rescission notice to Shirley

24   Ann Statham-Swab and to escrow officer Dana Fazio at the office of AMF Funding Group

25   located at 217 Escondido Avenue, Suite 2, Vista, California 92084. A copy of this demand for

26   rescission is attached to this Complaint, marked as "EXHIBIT I, DEMAND FOR

27   RESCISSION" and by this reference is incorporated herein. Plaintiff personally served the

28   demand for rescission to Shirley Ann Statham-Swab and Dana Fazio who were both present.

Fransen & Molinaro, LLP
1101 California Ave. Ste. 102
Corona, CA 92881
Tel. (951)520-9684

COMPLAINT AND DEMAND FOR JURY TRIAL (Gomez v. Estate of Swab, et. al.)

Fransen & Molinaro, LLP
1101 California Ave. Ste. 102
Corona, CA 92881
Tel. (951)520-9684

19. On November 29, 2007, copies of the Demand for Rescission were also sent by U.S. Mail to the Law Offices of Russel T. Little at 185 West F. Street, Suite 100, San Diego, California 92101, to James R Swab at P.O. Box 194, Carlsbad, California 92108, to Shirley Ann Statham-Swab at 217 Escondido Avenue, Suite 2, Vista, California 92084, and to Dana Fazio at 217 Escondido Avenue, Suite 2, Vista, California 92084. A copy of the Demand for Rescission was also faxed to (760)758-5215.

20. The following day, and on November 30, 2007, Defendant Swab foreclosed on the Subject Property and purported to take title to the Subject Property.

21. On December 18, 2007 a three day notice to vacate the Subject Property was posted to Plaintiff's front door.

### FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

#### (Violations of TILA, Right to Cancel)

22. Plaintiff realleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 21.

23. Plaintiff believes and thereon alleges that this Loan Transaction was subject to the Plaintiff's extended right of rescission as described by 15 U.S.C. § 1635 and Regulation Z § 226.23 (12 C.F.R. § 226.23).

24. On or about June 26, 2006, and at the time of the signing of the loan documents, Plaintiff was provided with only one copy of the Notice of Right to Cancel. Plaintiff was not given two copies of the Notice of Right to Cancel as is required by TILA. A copy of the single Notice of Right to Cancel is attached to this Complaint, marked as "EXHIBIT E, NOTICE OF RIGHT TO CANCEL" and by this reference is incorporated herein.

25. Pursuant to 15 U.S.C. § 1635(a), 15 U.S.C. § 1635(f), and Regulation Z §§ 226.15(a)(3), 226.23(a)(3), failure to provide two properly completed Notices of Right to Cancel to the borrower extends the three-day rescission period to three years.

26. Thus, Plaintiff has an extended right to rescind the Loan Transaction.

Fransen & Molinaro, LLP
1101 California Ave. Ste. 102
Corona, CA 92881
Tel. (951)520-9684

27. Under Regulation Z § 226.15(e), a borrower may waive the three-day right to rescind.[1] Although Regulation Z § 226.15(e)(2) sets forth an exception for loans on properties under emergencies "declared during June through September 1993, pursuant to 42 U.S.C. 5170, to be a major disaster area because of severe storms and flooding in the Midwest," this exception does not apply to the Loan Transaction because the Subject Property was not declared a major disaster area under 14 U.S.C. § 5170.

28. At closing, Plaintiff was presented with a letter which he was asked to sign. This letter purported to waive Plaintiff's right to rescind. Plaintiff did not write this letter, and Plaintiff believes that the letter was type-written by escrow officer Dana Fazio or the broker for AMF, Ron F. Fazio. This letter is attached to this Complaint, marked as "EXHIBIT F, PURPORTED WAIVER OF RIGHT TO CANCEL" and by this reference is incorporated herein.

29. Plaintiff recalls that Dana Fazio told him there were grammatical and spelling errors purposely written into the letter so that it would appear that Plaintiff wrote the letter himself. Plaintiff did not write the letter himself. The letter was pre-printed by the broker or escrow officer.

30. Because Plaintiff did not write the letter himself, and because the letter was pre-printed, the letter is not in compliance with the requirements of Regulation Z § 226.15(e)(1), and is therefore not a valid waiver of Plaintiff's right to rescind the Loan Transaction.

31. Furthermore, the single Notice of Right to Cancel (EXHIBIT E, NOTICE OF RIGHT TO CANCEL) states that Plaintiff's right to cancel expires at midnight of June 29, 2006. The loan funded and closed on or before June 28, 2006 which was prior to the stated expiration date and time. Thus, Plaintiff was not allowed three-days to rescind the loan transaction.

32. Thus, because Plaintiff was not given two copies of the Notice of Right to Cancel, because he did not validly waive his right to rescind, and/or because the loan funded prior to the expiration of Plaintiff's right to rescind, Plaintiff's right to rescind is extended to three years.

---

[1] "The consumer may modify or waive the right to rescind if the consumer determines that the extension of credit is needed to meet a bona fide personal financial emergency. To modify or waive the right, the consumer shall give the creditor a dated written statement that describes the emergency, specifically modifies or waives the right to rescind, and bears the signature of all the consumers entitled to rescind. Printed forms for this purpose are prohibited, except as provided in paragraph (e)(2)." (*Regulation Z § 226.15(e)(1)*).

33. Thus, Plaintiff's right to rescind was in effect on November 29, 2007 when he validly rescinded the transaction by sending to Defendant Swab, through Shirley Ann Stratham-Swab and Dana Fazio by personal service, the demand for rescission (see EXHIBIT I, DEMAND FOR RESCISSION).

34. Defendant Swab received Plaintiff's demand for rescission on November 29, 2007.

35. Defendant Swab failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction, including the security interest as required by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2).

36. Defendant Swab failed to return to the Plaintiff any money or property given by the Plaintiff to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2).

37. Defendant Swab not only failed to rescind the Loan Transaction, Defendant Swab foreclosed on the Subject Property the following day.

38. As a result of the aforesaid violations of the TILA and Regulation Z, pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable to Plaintiff for:

    a.  Rescission of the transaction;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d.  Statutory damages of two thousand dollars ($2,000.00) for Defendants' failure to respond properly to Plaintiff's rescission notice;

    e.  Forfeiture of return of loan proceeds;

    f.  Actual damages in an amount to be determined at trial; and/or

    g.  A reasonable attorney fee.

39. WHEREFORE, Plaintiff prays for judgment and relief as more fully set forth below.

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Violations of TILA, Material Disclosures)

Fransen & Molinaro, LLP
1101 California Ave. Ste. 102
Corona, CA 92881
Tel. (951)520-9684

40. Plaintiff realleges and incorporates by reference, as though fully set forth, paragraphs 1 through 39 of this Complaint.

41. The finance charge of the Loan Transaction is a material disclosure, and as such must be accurate within allowable tolerances provided for by the TILA.[2]

42. The Truth-In-Lending Disclosure Statement prepared for Plaintiff and dated June 22, 2006 states that the Annual Percentage Rate (Hereafter "APR") of the Loan Transaction is ten and one-half percent (10.500%). This Truth-In-Lending Disclosure Statement is attached to this Complaint, marked as "EXHIBIT G, TRUTH-IN-LENDING DISCLOSURE STATEMENT" and by this reference is incorporated herein.

43. The Note Secured by the Deed of Trust states that the yearly interest rate on the Loan Transaction is 10.500% (See EXHIBIT A, NOTE SECURED BY DEED OF TRUST).

44. The APR must take into account the cost of credit as a yearly rate. Thus, a correct and accurate APR takes into account certain fees charged by the lender, broker, and/or third other parties in order for a borrower to obtain the credit.  According to the Itemization of Amount Financed dated June 22, 2006, and given to Plaintiff, the following amounts were listed under "Amount Financed:" (1) loan origination fee of four thousand one hundred dollars ($4,100.00); (2) commission to Lincoln Mutual of six thousand four hundred sixty-two dollars and eight cents ($6,462.08); (3) commission to AMF Funding Group of six thousand four hundred sixty-two dollars and eight cents ($6,462.08); (4) closing fee of five hundred fifty dollars ($550.00); and (5) document preparation fee of three hundred fifty dollars ($350.00). These amounts are fees paid for the Plaintiff to obtain credit, and taking these amounts into consideration, the true APR of the Loan Transaction is in excess of eleven and one-half percent (11.500%). The Itemization of the Amount Financed is attached to this Complaint, marked as "EXHIBIT H, ITEMIZATION OF AMOUNT FINANCED" and by this reference is incorporated herein.

45. The disclosed APR is considered accurate if it is not more than 0.125% above or below the true APR. (*15 U.S.C. 1606(c); Regulation Z § 226.22(a)*).

---

[2] The term "material disclosures" means the required disclosures of the annual percentage rate, the finance charge, the amount financed, the total payments, the payment schedule, and the disclosures and limitations referred to in Regulation Z § 226.32(c) and (d). (*12 C.F.R. § 226.23(a)(3)(fn48)*).

Fransen & Molinaro, LLP
1101 California Ave. Ste. 102
Corona, CA 92881
Tel. (951)520-9684

Fransen & Molinaro, LLP
1101 California Ave. Ste. 102
Corona, CA 92881
Tel. (951)520-9684

46. Here, the true APR was more than one percent above the APR as disclosed by Defendant Swab to Plaintiff in the Truth-In-Lending Disclosure Statement (see EXHIBIT G, TRUTH-IN-LENDING DISCLOSURE STATEMENT).

47. Thus, Defendant Swab did not provide accurate (or within the allowable tolerance) "material disclosures" to Plaintiff.

48. As a result of the failure to provide accurate disclosures for the Loan Transaction, Plaintiff is entitled to the extended three year right to rescind the Loan Transaction.

49. As set forth above in the First Cause of Action, the letter purporting to waive Plaintiff's right to rescind is invalid.

50. Thus, Plaintiff's right to rescind was in effect on November 29, 2007 when he validly rescinded the transaction by sending to Defendant Swab, through Shirley Ann Stratham-Swab and Dana Fazio by personal service, the demand for rescission (see EXHIBIT I, DEMAND FOR RESCISSION).

51. Defendant Swab received Plaintiff's demand for rescission on November 29, 2007.

52. Defendant Swab failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction, including the security interest as required by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2).

53. Defendant Swab failed to return to the Plaintiff any money or property given by the Plaintiff to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2).

54. Defendant Swab not only failed to rescind the Loan Transaction, Defendant Swab foreclosed on the Subject Property the following day.

55. As a result of the aforesaid violations of the TILA and Regulation Z, pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable to Plaintiff for:

    a. Rescission of the transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

    c. Return of any money or property given by the Plaintiff to anyone, including the

Fransen & Molinaro, LLP
1101 California Ave. Ste. 102
Corona, CA 92881
Tel. (951)520-9684

1    Defendant, in connection with this transaction;

2    d.  Statutory damages of two thousand dollars ($2,000.00) for the disclosure violations;

3    e.  Statutory damages of two thousand dollars ($2,000.00) for Defendants' failure to

4    respond properly to Plaintiff's rescission notice;

5    f.  Forfeiture of return of loan proceeds;

6    g.  Actual damages in an amount to be determined at trial; and/or

7    h.  A reasonable attorney fee.

8  56. WHEREFORE, Plaintiff prays for judgment and relief as more fully set forth below.

9    **THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS**

10    **(Violation of California Business and Professions Code § 17200)**

11  57. Plaintiff realleges and incorporates herein by reference each and every allegation set forth in

12    paragraphs 1 through 39.

13  58. The Court has jurisdiction over this action pursuant to Business and Professions Code §§

14    17200 et seq., specifically Business and Professions Code § 17203, which provides any person

15    who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any

16    court of competent jurisdiction; and the court may make such orders or judgments, including

17    the appointment of a receiver, as may be necessary to prevent the use or employment by any

18    person of any practice which constitutes unfair competition, or as may be necessary to restore

19    to any person in interest any money or property, real or personal, which may have been

20    acquired by means of such unfair competition; and Business and Professions Code Section

21    17204, which provides for actions for any relief pursuant to the Unfair Competition Law to be

22    prosecuted exclusively in a court of competent jurisdiction by any board, officer, person,

23    corporation or association or by any person acting for the interests of itself, its members or the

24    general public.

25  59. At all times relevant to this Complaint, Defendant Swab was a lender who was in the business

26    of providing residential mortgages to the general public and was acting within the scope of that

27    business with regard to the loan provided to Plaintiff.

28  60. As set forth above under the First and Second Causes of Action for Violations of TILA,

Fransen & Molinaro, LLP
1101 California Ave. Ste. 102
Corona, CA 92881
Tel. (951)520-9684

1    Defendant Swab violated TILA.

2    61. Thus, Defendant Swab acted unlawfully in that Defendant Swab violated TILA.

3    62. As a direct, proximate, and foreseeable result of the unlawful conduct of Defendant Swab,

4    Defendant Swab's business acts or practices have caused injury to Plaintiff and the public; and

5    Plaintiff is entitled to relief, including full restitution and/or disgorgement of all revenues,

6    earnings, profits, compensation, and benefits which may have been obtained by Defendant

7    Swab as a result of such business acts or practices.

8    63. Plaintiff is informed and believes, and based thereon alleges, that the illegal acts of Defendant

9    Swab are a serious threat to Plaintiff because these illegal acts have allowed, or will allow,

10    Defendant Swab to wrongfully foreclose on the Subject Property, transfer title or interest of the

11    Subject Property, and to cause the eviction of Plaintiff from his home. Because of Defendant's

12    illegal actions, Plaintiff and his family will be forced out of the Subject Property. Such eviction

13    will cause Plaintiff to suffer further immediate and irreparable injury, loss, and damage.

14    64. Plaintiff received a three-day notice to quit on or about December 18, 2007 from Defendant

15    Swab. Thus, Plaintiff is informed and believes, and based thereon alleges, that, in the absence

16    of a temporary restraining order and preliminary and permanent injunctions as prayed for

17    below, Defendant Swab will continue to wrongfully evict Plaintiff and Plaintiff's family from

18    their home.

19    65. WHEREFORE, Plaintiff prays for judgment and relief as more fully set forth below.

20    **FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

21    **(Imposition of Constructive Trust)**

22    66. Plaintiff realleges and incorporates by reference, as though fully set forth, paragraphs 1 through

23    48 of this Complaint.

24    67. Plaintiff is the rightful legal owner of the Subject Property and that by virtue of the wrongful

25    and/or illegal acts of Defendant Swab, Defendant Swab holds title to the Subject Property as a

26    constructive trustee for Plaintiff's benefit.

27    68. Plaintiff alleges, and thereon believes, that Defendant Swab, or his representatives, his agents,

28    or his assignees may attempt to transfer legal title of the Subject Property during the course of

1    litigation and/or continue to attempt to evict or remove Plaintiff from the Subject Property.

2    Such actions would cause irreparable and severe harm to Plaintiff and cause a loss of available

3    equitable remedies.

4    69. WHEREFORE, Plaintiff prays for judgment and relief as more fully set forth below.

## SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Cancellation of Instrument: Trustee's Deed)

7    70. Plaintiff realleges and incorporates by reference, as though fully set forth, paragraphs 1 through

8    52 of this Complaint.

9    71. As a result of the wrongful and/or illegal acts of Defendant Swab, there was a foreclosure on

10    the Subject Property whereby Defendant Swab obtained title to the property through an

11    instrument purported to be a valid Trustee's Deed, or other such instrument of transfer.

12    72. This Trustee's Deed or other such instrument purporting to transfer title of the Subject

13    Property from Plaintiff to Defendant Swab is invalid as an instrument of transfer.

14    73. If the purported Trustee's Deed of other such instrument is left outstanding Plaintiff will suffer

15    further serious injury in that Defendant Swab or his representatives, his agents, or his assignees

16    will eject Plaintiff and his family from their home, and/or transfer title of the Subject Property

17    to a third party.

18    74. WHEREFORE, Plaintiff prays for judgment and relief as more fully set forth below.

19

20    **WHEREFORE PLAINTIFF PRAYS JUDGMENT AS FOLLOWS:**

21

22    **FOR THE FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR**

23    **VIOLATION OF TILA, RIGHT TO CANCEL, AND PURSUANT TO 15 U.S.C. §§ 1635(a),**

24    **1639(j), and 1640(a), PLAINTIFF PRAYS FOR**

25    75. Rescission of the transaction; and/or

26    76. Termination of any security interest in Plaintiff's property created under the transaction; and/or

27    77. Return of any money or property given by the Plaintiff to anyone, including the Defendant, in

28    connection with this transaction; and/or

Fransen & Molinaro, LLP
1101 California Ave. Ste. 102
Corona, CA 92881
Tel. (951)520-9684

78. Forfeiture of return of loan proceeds; and/or

79. Rescission of the transaction, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed by Defendant; and/or

80. A declaration that the security interest in Plaintiff's property created under the transaction is void, and an order requiring Defendant to release such security interest; and/or

81. Statutory damages of $2,000 for the failure to rescind; and/or

82. An order that, because Defendant failed to act in response to Plaintiff's notice of rescission, Plaintiff has no duty to tender the loan proceeds to Defendant, but in the alternative, if tender is required, a determination of the amount of the tender obligation in light of all of the Plaintiff's claims, and an order requiring the Defendant to accept tender on reasonable terms and over a reasonable period of time; and/or

83. Enjoin Defendant during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiff's property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiff of ownership of that property; and/or

84. Actual damages in an amount to be determined at trial; and/or

85. An award of reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1640(a)(3); and/or

86. Such other relief at law or equity as this Court may deem just and proper.

**FOR THE SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATION OF TILA, MATERIAL DISCLOSURES, AND PURSUANT TO 15 U.S.C. §§ 1635(a), 1639(j), and 1640(a), PLAINTIFF PRAYS FOR**

87. Rescission of the transaction; and/or

88. Termination of any security interest in Plaintiff's property created under the transaction; and/or

89. Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction; and/or

90. Forfeiture of return of loan proceeds; and/or

91. Rescission of the transaction, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed by Defendant; and/or

COMPLAINT AND DEMAND FOR JURY TRIAL (Gomez v. Estate of Swab, et. al.)

- 13 -

Fransen & Molinaro, LLP
1101 California Ave. Ste. 102
Corona, CA 92881
Tel. (951)520-9684

Fransen & Molinaro, LLP
1101 California Ave. Ste. 102
Corona, CA 92881
Tel. (951)520-9684

92. A declaration that the security interest in Plaintiff's property created under the transaction is void, and an order requiring Defendant to release such security interest; and/or

93. Statutory damages of $2,000 for the failure to rescind; and/or

94. Additional damages pursuant to 15 U.S.C. § 1640(a)(4) in the amount of all finance charges and fees paid by Plaintiff, for each non-disclosure violation; and/or

95. An order that, because Defendant failed to act in response to Plaintiff's notice of rescission, Plaintiff has no duty to tender the loan proceeds to Defendant, but in the alternative, if tender is required, a determination of the amount of the tender obligation in light of all of the Plaintiff's claims, and an order requiring the Defendant to accept tender on reasonable terms and over a reasonable period of time; and/or

96. Enjoin Defendant during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiff's property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiff of ownership of that property; and/or

97. Actual damages in an amount to be determined at trial; and/or

98. An award of reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1640(a)(3); and/or

99. Such other relief at law or equity as this Court may deem just and proper.

**FOR THE THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, PLAINTIFF PRAYS**

100.    For an order requiring Defendant Swab to show cause why Defendant Swab should not be enjoined as hereinafter set forth, during the pendency of this action; and/or

101.    For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining Defendant Swab, his representatives, his agents, or his assignees, and all persons acting under, in concert with or for him, from offering to sell or transfer, selling, and/or in any way transferring title to the Subject Property; and/or

102.    For restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits which may have been obtained by Defendant Swab as a result of such unlawful

1    business acts or practices; and/or

2    103.    For any and all civil penalties for each unlawful violation, as determined by the Court;

3    and/or

4    104.    For costs of suit incurred herein; and/or

5    105.    Reasonable attorney's fees as allowed by statute; and/or

6    106.    For such other and further relief as the court may deem proper.

7    **FOR THE FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR**

8    **IMPOSITION OF CONSTRUCTIVE TRUST**

9    107.    For an order declaring that Defendant Swab, his representatives, his agents, or his

10    assignees hold title to the Subject Property in trust for Plaintiff; and/or

11    108.    For an order compelling Defendant Swab, his representatives, his agents, or his assignees

12    to convey title to the Subject Property to Plaintiff; and/or

13    109.    For an order preliminarily enjoining Defendant Swab, his representatives, his agents, or his

14    assignees, and all persons acting under, in concert with him, from seeking eviction of Plaintiff

15    from the Subject Property or taking any action that would result in the transferring of the legal

16    title of the Subject Property to anyone other than Plaintiff.

17    **FOR THE FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR**

18    **CANCELLATION OF INSTRUMENT: TRUSTEE'S DEED**

19    110.    That the purported Trustee's Deed or other such document purporting to transfer title of the

20    Subject Property from Plaintiff to Defendant Swab be declared void; and/or

21    111.    That Defendant Swab immediately deliver the purported Trustee's Deed or other such

22    document purporting to transfer title of the Subject Property from Plaintiff to Defendant Swab

23    to the clerk of the Court for cancellation; and/or

24    112.    For damages, in the event that Defendant Swab fail to surrender the purported Trustee's

25    Deed or other such document for cancellation pursuant to the judgment, in a sum equal to the

26    full value of the Subject Property as determined according to proof at the time of trial, plus

27    interest at the maximum allowable legal rate, as compensation and in lieu of cancellation;

28    and/or

Fransen & Molinaro, LLP
1101 California Ave. Ste. 102
Corona, CA 92881
Tel. (951)520-9684

1   113.   For costs of suit herein incurred; and/or

2   114.   For such other and further relief as the court may deem proper.

3   **FOR ALL CAUSES OF ACTION AND AGAINST ALL DEFENDANTS**

4   115.   For such other and further relief as the court may deem proper.

5

6   **TRIAL BY JURY IS DEMANDED**

7

8   Dated:   12 - 20 - 07

9

10  By:

11       Paul J. Molinaro
         Fransen & Molinaro, LLP, Attorneys for Plaintiff Roger Michael Gomez

Fransen & Molinaro, LLP
1101 California Ave. Ste. 102
Corona, CA 92881
Tel. (951)520-9684

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Fransen & Molinaro, LLP
1101 California Ave. Ste. 102
Corona, CA 92881
Tel. (951)520-9684

**EXHIBIT A**

**NOTE SECURED BY DEED OF TRUST**

**DO NOT DESTROY THIS NOTE:** When paid, this Note, with Deed of Trust securing same, must be surrendered to ~~TRUSTEE for~~ cancellation before reconveyance will be made.

---

### NOTE SECURED BY DEED OF TRUST
### (Straight Note)

$410,000.00                      VISTA CALIFORNIA              JUNE 22, 2006

ON OR BEFORE __JUNE 26, 2011_____, after date, for value received, I (we) promise to pay to:

        JAMES R. SWAB, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY

at P.O. BOX 194, CARLSBAD, CA 92018, OR ORDER, the sum of

FOUR HUNDRED TEN THOUSAND DOLLARS AND 00/100--------------------------------

with interest at the rate of TEN AND ONE-HALF (10.5%) per cent per annum, accruing from (DATE OF FUNDING) __JUNE 26, 2006_____, payable, INTEREST ONLY, or more MONTHLY beginning _____JULY 26, 2006_____, and continuing MONTHLY thereafter until _____JUNE 26, 2011_____, on which date any remaining unpaid balance of principal and interest accrued thereon is immediately due and payable.

"Principal and interest payable in lawful money of the United States. I promise to pay all costs of collection and any actual attorney fees incurred by the Beneficiary thereof on account of such collection, whether or not suit is filed hereon. This note is secured by a Deed of Trust to Foreclosure Specialists, Inc., a California Corporation, as Trustee, effecting the property located at 1625 Griffin Street, Oceanside, CA 92054.

SEE ATTACHED EXHIBIT "A" FOR ADDITIONAL TERMS AND CONDITIONS OF THIS NOTE"

Should interest not be so paid, it shall thereafter bear like interest as the principal, but such unpaid interest so compounded shall not exceed an amount equal to simple interest on the unpaid principal at the maximum rate permitted by law. Should default be made in payment of any installment when due, or in the performance of any agreement in the Deed of Trust securing the payment of this note, the whole sums of principal and interest shall become immediately due at the option of the holder of this note and shall, at the option of such holder, bear interest during the period of such default at the rate specified in the note. Principal and interest payable in lawful money of the United States. If action be instituted on this note, I/We promise to pay all costs of collection and any actual attorney fees incurred by the beneficiary thereof on account of such collection, wheather or not suit is filed hereon. This Note is secured by a Deed of Trust to: FORECLOSURE SPECIALISTS, INC., A California Corporation, AS TRUSTEE.

_ROGER MICHAEL GOMEZ_ (signature)
ROGER MICHAEL GOMEZ

---

### DO NOT DESTROY THIS NOTE

A1

EXHIBIT "A"

THIS EXHIBIT "A" IS ATTACHED TO THE ORIGINAL NOTE DATED JUNE 22, 2006, EXECUTED BY ROGER MICHAEL GOMEZ IN FAVOR OF JAMES R. SWAB IN THE AMOUNT OF $410,000.00.

"Should payor be more than 10 days delinquent on any installment as called for herein, payor agrees to pay payee, a LATE CHARGE of 10% of the installment so delinquent."

"Should Maker herein, or their successors in interest, sell, agree to sell, convey, transfer or assign the real property described in the Deed of Trust securing this Note, or any portion thereof, or any interest therein, either voluntarily or involuntarily, without the prior written consent of the Holder hereof, or their successors in interest, then and in that event all sums secured hereby shall, at the option of the Holder hereof, or their successors in interest, become immediately due and payable."

"Any advance made by the holder of this Note for the purpose of protecting the security of a lien of the Deed of Trust securing this Note or to fulfill any obligation of the obligator under the terms of any senior encumbrance or the terms of the Deed of Trust securing this Note, shall bear interest at the rate in effect on this Note at the time the advance is made."

"Privilege is hereby reserved to make prepayments of TWENTY (20%) PER CENT of the original principal amount of the within Note, prior to the maturity date hereof, without any penalty. Maker hereof, or his successors in interest, agree to pay a sum equal to SIX (6) months, unearned interest, on the amount of principal so prepaid in excess of the aforementioned 20%, within the FIRST EIGHTEEN MONTHS, following the recordation of the Deed of Trust, securing the within Note. Such additional sums shall be paid whether prepayment is voluntary or involuntary, including prepayment by the exercise of any acceleration provision contained in the within Note."

INTS:_____

"NOTICE: Payor is aware that payments on the within Note are interest only with no funds being used to reduce the principal amount of this Note. In the event additional payment(s) are not made by Payor, during the term of this Note, a balloon payment of $413,587.50 will be due and payable at maturity."

"The undersigned acknowledges that the loan evidenced by this Note was arranged by AMF Funding, License No. 01047532, a Real Estate Broker in the State of California."

"Payor and payee agree that it would be difficult to determine the actual damages to the beneficiary or beneficiary's agent for the returning of an unpaid check provided by payor. It is hereby agreed that payor will pay the sum equal to 4% of the amount returned or $25.00 whichever is greater. This amount is in lieu of any statutory monetary penalty, if any. However, payee does not waive any other rights that may be awarded under the statue.

_____          DATE:_____
ROGER MICHAEL GOMEZ

A2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Fransen & Molinaro, LLP
1101 California Ave. Ste. 102
Corona, CA 92881
Tel. (951)520-9684

**EXHIBIT B**

**DEED OF TRUST WITH ASSIGNMENT OF RENTS**

Order No.  60560884
Escrow No. 2006-1083
Loan No.

WHEN RECORDED MAIL TO:

JAMES R. SWAB
P.O. BOX 191
CARLSBAD, CA 92018

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST WITH ASSIGNMENT OF RENTS
### (SHORT FORM)

**This DEED OF TRUST**, made    JUNE 22, 2006  , between.

ROGER MICHAEL GOMEZ, A SINGLE MAN                                        herein called TRUSTOR,

whose address is 1625 GRIFFIN STREET, OCEANSIDE, CA 92054

FORECLOSURE SPECIALISTS, INC., a California corporation, herein called TRUSTEE, and

JAMES R. SWAB, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY          , herein called BENEFICIARY,

WITNESSETH: That Trustor grants to Trustee in trust, with power of sale, that property in the City of Oceanside, County of SAN DIEGO, State of California, described as:

LOT 7 IN BLOCK "C" OF W.H. POTTER SUBDIVISION, IN THE CITY OF OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 2886, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, JULY 18, 1952.

"SHOULD TRUSTOR SELL, AGREE TO SELL, CONVEY, TRANSFER OR ASSIGN THE WITHIN DESCRIBED PROPERTY, OR ANY PORTION THEREIN OR ANY PART THEREOF, EITHER VOLUNTARILY OR INVOLUNTARILY, WITHOUT THE PRIOR WRITTEN CONCENT OF THE BENEFICIARY, OR HIS SUCCESSOR IN INTEREST, THEN AND IN THAT EVENT ALL SUMS SECURED HEREBY SHALL, AT THE OPTION OF THE BENEFICIARY OR HIS SUCCESSOR IN INTEREST, BECOME IMMEDIATELY DUE AND PAYABLE."

together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits for the purpose of securing (1) payment of the sum of $410,000.00 with interest thereon according to the terms of a promissory note or notes of even date herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof, (2) the performance of each agreement of Trustor incorporated by reference or contained herein and (3) payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

To protect the security of this Deed of Trust, and with respect to the property above described, Trustor expressly makes each and all of the agreements, and adopts and agrees to perform and be bound by each and all of the terms and provisions set forth in subdivision A, and it is mutually agreed that each and all of the terms and provisions set forth in subdivision B of the fictitious deed of trust recorded in Orange County August 17, 1964, and in all other counties August 18, 1964, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, namely:

**(CONTINUED ON NEXT PAGE)**          B1          1158 (1/94)
Page 1 of 4

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 1288 | 556 | Kings | 858 | 713 | Placer | 1028 | 379 | Sierra | 38 | 187 |
| Alpine | 3 | 130-31 | Lake | 437 | 110 | Plumas | 166 | 1307 | Siskiyou | 506 | 762 |
| Amador | 133 | 438 | Lassen | 192 | 367 | Riverside | 3778 | 347 | Solano | 1287 | 621 |
| Butte | 1330 | 513 | Los Angeles | T-3878 | 874 | Sacramento | 5039 | 124 | Sonoma | 2067 | 427 |
| Calaveras | 185 | 338 | Madera | 911 | 136 | San Benito | 300 | 405 | Stanislaus | 1970 | 56 |
| Colusa | 323 | 391 | Marin | 1849 | 122 | San Bernardino | 6213 | 768 | Sutter | 655 | 585 |
| Contra Costa | 4684 | 1 | Mariposa | 90 | 453 | San Francisco | A-804 | 596 | Tehama | 457 | 183 |
| Del Norte | 101 | 549 | Mendocino | 667 | 99 | San Joaquin | 2855 | 283 | Trinity | 108 | 595 |
| El Dorado | 704 | 635 | Merced | 1660 | 753 | San Luis Obispo | 1311 | 137 | Tulare | 2530 | 108 |
| Fresno | 5052 | 623 | Modoc | 191 | 93 | San Mateo | 4778 | 175 | Tuolumne | 177 | 160 |
| Glenn | 469 | 76 | Mono | 69 | 302 | Santa Barbara | 2065 | 881 | Ventura | 2607 | 237 |
| Humboldt | 801 | 83 | Monterey | 357 | 239 | Santa Clara | 6626 | 664 | Yolo | 769 | 16 |
| Imperial | 1189 | 701 | Napa | 704 | 742 | Santa Cruz | 1638 | 607 | Yuba | 398 | 693 |
| Inyo | 165 | 672 | Nevada | 363 | 94 | Shasta | 800 | 633 | | | |
| Kern | 3756 | 690 | Orange | 7182 | 18 | San Diego | SERIES 5 Book 1964, Page 149774 | | | | |

shall inure to and bind the parties hereto, with respect to the property above described. Said agreements, terms and provisions contained in said subdivisions A and B, (identical in all counties, and printed on pages 3 and 4 hereof) are by the within reference thereto, incorporated herein and made a part of this Deed of Trust for all purposes as fully as if set forth at length herein, and Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge therefore does not exceed the maximum allowed by law.

The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to him at his address hereinbefore set forth.

**Signature of Trustor**

ROGER MICHAEL GOMEZ

STATE OF CALIFORNIA          }
COUNTY OF _____ }ss
                                                         }

On_____before   me, _____Notary,
personally appeared _____
personally known to me ( or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

(This area for official notarial seal)

**(CONTINUED ON NEXT PAGE)**          B2          1158 (1/94)
Page 2 of 4

**DO NOT RECORD**

The following is a copy of Subdivisions A and B of the fictitious Deed of Trust recorded in each county in California as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

A.       To protect the security of this Deed of Trust, Trustor agrees:

1)  To keep said property in good condition and repair, not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

2)  To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor.  Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

3)  To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

4)  To pay; at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may; make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

5)  To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B.       It is mutually agreed:

1)  That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such monies received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

2)  That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

3)  That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon, or join in any extension agreement or any agreement subordinating the lien or charge hereof.

4)  That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder.  The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto".

5)  That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

6)  That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement.  Trustee shall deliver to such purchaser its Deed conveying the property so sold, but without any covenant or warranty, express or implied.  The recitals in such deed of any matters or facts shall be inclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including costs of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

**(CONTINUED ON NEXT PAGE)**                    **B3**        1158 (1/94)
                                                                     Page 3 of 4

7) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

8) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

9) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

**DO NOT RECORD**                                        REQUEST FOR FULL RECONVEYANCE

TO FORECLOSURE SPECIALISTS, INC. TRUSTEE:

The undersigned is the legal owner and holder of the note or notes, and of all other indebtedness secured by the foregoing Deed of Trust. Said note or notes, together with all other indebtedness secured by said Deed of Trust, have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel said note or notes above mentioned, and all other evidences of indebtedness secured by said Deed of Trust delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you under the same.

Dated _____

Please mail Deed of Trust,
Note _____ and _____ Reconveyance _____ to

**Do Not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.**

# DEED OF TRUST
## WITH POWER OF SALE

*FORECLOSURE*
*SPECIALISTS,*
*INC.*
## TRUSTEE

**B4**

1158 (1/94)
Page 4 of 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**Fransen & Molinaro, LLP**
**1101 California Ave. Ste. 102**
**Corona, CA 92881**
**Tel. (951)520-9684**

**EXHIBIT C**

27

**AMF FUNDING GROUP ESCROW INSTRUCTIONS**

28

# AMF FUNDING GROUP
## 217 ESCONDIDO AVE. #2
## VISTA, CA 92084
### 760-758-7622

Lender and Borrower
Escrow Instructions
Escrow No. 2006-1083
Date: JUNE 22, 2006

Lender:    SWAB
Borrower: GOMEZ
Property: 1625 GRIFFIN STREET
              OCEANSIDE, CA 92054

PRIOR TO JUNE 28, 2006, I will hand you $410,000.00, LESS LOAN COSTS:

which you are to use provided on or before the date set forth above, you procure for me a CLTA STANDARD COVERAGE FORM LOAN POLICY of title insurance with liability of title company (NEW CENTURY TITLE), limited to amount of principal of loan on the real property in County of SAN DIEGO, State of California, viz:

LOT 7 IN BLOCK "C" W.H. W.H. POTTER SUBDIVISION, IN THE CITY OF OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 2889 FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, JULY 18. 1952.

TITLE TO REMAIN VESTED IN:

ROGER MICHAEL GOMEZ, A SINGLE MAN

FREE FROM ENCUMBRANCES except General and Special taxes for the fiscal year 2005-2006 (ALL PAID), and taxes which are not yet due (including special district levies, payment of which is included therein and collected therewith), rights, rights of way and easements for public utilities, alleys and streets, and covenants, conditions, restrictions and reservations, now of record, if any, AND,

This transaction and the consummation of same is contingent upon borrower and property qualifying for and obtaining a new FIRST loan in the sum of $410,000.00, IN FAVOR OF JAMES R. SWAB, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY. Borrower execution of loan documents shall constitute full approval of the terms and conditions contained therein and escrow holder is to be in no way responsible and/or liable for compliance with the Truth in Lending Law or the Consumer Credit Protection Act or any similar law and is relieved of all responsibility and/or liability with regard to correctness, validity and/or sufficiency of any document in connection therewith, whether or not same is deposited into escrow. Receipt of lender's Letter of Instructions to this escrow with which borrower and escrow holder shall comply, shall evidence elimination of this contingency.

Escrow holder is authorized and instructed to release information from this file to new lender, including but not limited to escrow instructions and closing escrow statements.

Fire Insurance ENDORSEMENT to existing policy with beneficiary clause setting forth new FIRST lender, on buildings situated either on property described above or on premises known as 1625 GRIFFIN STREET, OCEANSIDE, CA 92054. You may assume that policy premium has been paid and that the policy(s) have not been hypothecated.

C1

AMF FUNDING GROUP - ESCROW NO. 2006-1083
Page 2

NOTICE: Section 12413.1 of the California Insurance Code, effective January 1, 1990, requires that any title insurance company, underwritten title company, or controlled escrow company handling funds in an escrow or sub-escrow capacity, wait a specified number of days after depositing funds, before recording any documents in connection with the transaction or disbursing funds. This statute allows for funds deposited by wire transfer to be disbursed the same day as deposit. In case of Cashier's Checks or Certified Checks, funds may be disbursed the next day after deposit. The disbursement of funds in connection with the above numbered escrow may be delayed, should Escrow Holder not receive funds from insuring title companys via wire transfer or Cashier's Checks.

NOTWITHSTANDING ANY OTHER PROVISIONS IN THESE ESCROW INSTRUCTIONS AND IN ADDITION TO OTHER FEES AND COSTS TO WHICH YOU MAY BE ENTITLED, THE PARTIES, JOINTLY AND SEVERALLY, AGREE THAT THIS ESCROW IS NOT CONSUMMATED WITHIN SIXTY (60) DAYS OF THE DATE SET FOR CLOSING, YOU ARE INSTRUCTED TO, AND WITHOUT FURTHER INSTRUCTIONS, WITHHOLD YOUR ESCROW HOLD OPEN FEE OF $50.00 PER MONTH FROM THE FUNDS ON DEPOSIT WITH YOU REGARDLESS OF WHO DEPOSITED SUCH FUNDS. THE PARTIES, JOINTLY AND SEVERALLY, FURTHER AGREE THAT IF YOU ARE, FOR ANY REASON, REQUIRED TO HOLD FUNDS AFTER CLOSE OF ESCROW, YOU ARE INSTRUCTED TO, AND WITHOUT FURTHER INSTRUCTIONS, WITHHOLD AN ESCROW FEE OF $50.00 PER MONTH FROM THE FUNDS ON DEPOSIT WITH YOU REGARDLESS OF WHO DEPOSITED SUCH FUNDS. THE PARTIES IRREVOCABLY INSTRUCT YOU TO AUTOMATICALLY CANCEL THIS FILE WITHOUT FURTHER INSTRUCTIONS WHEN ALL FUNDS ON DEPOSIT HAVE BEEN DISBURSED.

GENERAL PROVISIONS SET FORTH BELOW ARE INCORPORATED HEREIN, WITH THE TERMS AND CONDITIONS OF THIS ESCROW. BORROWER(S) (   ) AND LENDER(S) (   ) BY PLACING THEIR INITIAL'S HEREON, ACKNOWLEDGE THAT THEY HAVE READ, APPROVED AND ACCEPTED SAME.

If the conditions of this escrow have not been complied with prior to the date set out in Page 1, or any extension thereof, you are nevertheless to complete the escrow as soon as the conditions, except as to time, have been complied with, unless written demand shall have been made upon you not to complete it.

THE LENDER IS TO PAY NO TITLE OR ESCROW FEES IN CONNECTION WITH THIS ESCROW.

You shall be under no obligation or liability for failure to inform me regarding any sale, loan, exchange, or other transaction, or facts within your knowledge, even though same concern the property described herein, provided they do not prevent your compliance with these instructions, nor shall you be liable for the sufficiency or correctness as to form, manner of execution, or validity of any instrument deposited, nor as to identity, authority, or rights of any person executing the same. Your liability as escrow holder shall be confined to the things specifically provided for in my written instructions in this escrow.

C2

AMF FUNDING GROUP - ESCROW NO. 2006-1083
Page 3

Should you before or after close of escrow receive or become aware of any conflicting demands or claims with respect to this escrow or the rights of any of the parties hereto, or any money or property deposited herein, or affected hereby, you shall have the right to discontinue any or all further acts on your part until such conflict is resolved to your satisfaction, and you shall have the further right to commence or defend any action or proceedings for the attorneys' fees, suffered or incurred by you in connection with, or arising out of this escrow, including, but without limiting the generality of the foregoing, a suit of interpleader brought by you. In the event you file a suit of interpleader, you shall ipso facto be fully released and discharged from all further obligations to perform any and all duties or obligations imposed upon you in this escrow.

LENDER:

_____
JAMES R. SWAB

ADDITIONAL BORROWER INSTRUCTIONS:

I HEREBY APPROVE AND AGREE TO BE BOUND BY THE FOREGOING INSTRUCTIONS AND PROVISIONS. PRIOR TO the date set out above, I will hand you all instruments and money necessary for me to comply therewith, which you are authorized to deliver, provided you hold in this escrow for the account of the parties executing said documents, the money, and instruments (if any) deliverable to me under these instructions. Pay any encumbrances necessary to place title in condition called for herein.

I agree to pay on demand title and escrow fees, TERMITE REPORT, if required by lender, additional premiums, if any, to comply with the Lender's Requirements as to Fire and other insurance, and all other expenses incurred.

BORROWER:

_____
ROGER MICHAEL GOMEZ

C 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Fransen & Molinaro, LLP
1101 California Ave. Ste. 102
Corona, CA 92881
Tel. (951)520-9684

**EXHIBIT D**

**BALLOON PAYMENT DISCLOSURE**

COMPLAINT AND DEMAND FOR JURY TRIAL (Gomez v. Estate of Swab, et. al.)

# BALLOON PAYMENT DISCLOSURE

**NOTICE:     READ BEFORE SIGNING YOUR LOAN DOCUMENTS**

This loan provides for     59     monthly payments of:  INTEREST ONLY                     in the amount

of $  3,587.50             each.  Assuming that all the monthly payments have been paid exactly on the

date that each is due, a final payment of the then outstanding principal balance plus all earned interest

remaining unpaid ("Balloon Payment" amount) estimated to be in the amount of $  413,587.50

shall become due and payable on  JUNE 26, 2011 OR            (the "Maturity Date").
                   (5 YEARS FROM DATE OF FUNDING)

**DO NOT SIGN ANY LOAN DOCUMENTS IF YOU**
**HAVE ANY QUESTIONS ABOUT YOUR LOAN PAYMENTS**

Unless otherwise expressly disclosed in the Note, or in an Addendum or a Rider to the Note,  THE LENDER
IN THIS TRANSACTION IS UNDER NO OBLIGATION TO REFINANCE THE OUTSTANDING PRINCIPAL
BALANCE OF THIS LOAN DUE ON THE MATURITY DATE.  You may be required to payoff the entire
principal balance, plus any unpaid interest due thereon, on the maturity date using personal assets.  If this
Lender, or any other Lender, agrees to refinance the outstanding balance due on the maturity date, you may
be required to pay the then prevailing interest rate, which may be higher or lower than the interest rate
specified in the Note, plus loan origination costs and fees as are typically incurred when creating a new
loan.

I hereby certify that the Borrowers have received
an oral explanation of the balloon payment
provisions of this loan.

**ALL BORROWERS MUST SIGN AND DATE**

I/We hereby acknowledge receipt of the above

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Fransen & Molinaro, LLP
1101 California Ave. Ste. 102
Corona, CA 92881
Tel. (951)520-9684

**EXHIBIT E**

**NOTICE OF RIGHT TO CANCEL**

COMPLAINT AND DEMAND FOR JURY TRIAL (<u>Gomez v. Estate of Swab, et. al.</u>)

# NOTICE OF RIGHT TO CANCEL

Transaction I.D. No.:

Loan Number: 2006-1083

Borrower: ROGER MICHAEL GOMEZ

Property Address: 1625 GRIFFIN STREET
OCEANSIDE, CA 92054

**YOUR RIGHT TO CANCEL:**
You are entering into a transaction that will result in a mortgage, lien, or security interest on/in your home.
You have a legal right under federal law to cancel this transaction, without cost, within three business
days from whichever of the following events occurs last:

1. the date of the transaction, which is _____ ; or
2. the date you receive your Truth in Lending disclosures; or ___JUNE 26, 2006_____
3. the date you receive this notice of your right to cancel.

If you cancel the transaction, the mortgage, lien, or security interest is also cancelled. Within 20 calendar
days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage,
lien, or security interest on/in your home has been cancelled, and we must return to you any money or
property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above,
but you must then offer to return the money or property. If it is impractical or unfair for you to return the
property, you must offer its reasonable value. You may offer to return the property at your home or at
the location of the property. Money must be returned to the address below. If we do not take possession
of the money or property within 20 calendar days of your offer, you may keep it without further
obligation.

**HOW TO CANCEL:**

If you decide to cancel this transaction, you may do so by notifying us in writing.

Name of Creditor: AMF FUNDING GROUP

at   217 ESCONDIDO AVE. #2
VISTA, CA 92084

You may use any written statement that is signed and dated by you and states your intention to cancel, or
you may use this notice by dating and signing below. Keep one copy of this notice because it contains
important information about your rights.

If you cancel by mail or telegram, you must send a notice no later than midnight of _____
JUNE 29, 2006                                         (or midnight of the third business day following

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Fransen & Molinaro, LLP
1101 California Ave. Ste. 102
Corona, CA 92881
Tel. (951)520-9684

**EXHIBIT F**

**PURPORTED WAIVER OF RIGHT TO CANCEL**

COMPLAINT AND DEMAND FOR JURY TRIAL (Gomez v. Estate of Swab, et. al.)

Re: 1625 Griffin Street
        Oceanside, CA 92054


To whom it may concern:

I, Roger Michael Gomez, owner of the above referenced property hereby request that both my three day waiting periods be waived due to the fact that my home will be going to Foreclosure Sale on June 29, 2006. I understand that this loan is against my property and in the event I do not make the payments I am loose my property. I know that I am entitled to a three waiting period as the owner occupied hard money loan (Section 32) as well as an additional three day Right to Cancel. I request that both waiting periods be waived.


_____          date:_____
ROGER MICHAEL GOMEZ


F1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**EXHIBIT G**

27

**TRUTH-IN-LENDING DISCLOSURE STATEMENT**

28

Fransen & Molinaro, LLP
1101 California Ave. Ste. 102
Corona, CA 92881
Tel. (951)520-9684

Applicants:    Prepared By: **AMF FUND[  ]GROUP**
                                                                                                         **217 ESCONDIDO AVE. #2**

Property Address: **1625 GRIFFIN STREET**                           **VISTA , CA 92084**
                   **Oceanside, CA 92054**                          **760-727-3020**

Application No:    **R. GOMEZ**                         Date Prepared: **06/22/2006**

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCED | TOTAL OF PAYMENTS |
|---|---|---|---|
| The cost of your credit as a yearly rate | The dollar amount the credit will cost you | The amount of credit provided to you or on your behalf | The amount you will have paid after making all payments as scheduled |
| • 10.500 % | $ • 215,250.00 | $ • 410,000.00 | $ • 625,250.00 |

☐ **REQUIRED DEPOSIT:** The annual percentage rate does not take into account your required deposit
**PAYMENTS:** Your payment schedule will be:

| Number of Payments | Amount of Payments ** | When Payments Are Due | Number of Payments | Amount of Payments ** | When Payments Are Due | Number of Payments | Amount of Payments ** | When Payments Are Due |
|---|---|---|---|---|---|---|---|---|
| | | Monthly Beginning: | | | Monthly Beginning: | | | Monthly Beginning: |
| 59 | 3,587.50 | 07/26/2006 | | | | | | |
| 1 | 413,587.50 | 06/26/2011 | | | | | | |

☐ **DEMAND FEATURE:** This obligation has a demand feature.
☐ **VARIABLE RATE FEATURE:** This loan contains a variable rate feature. A variable rate disclosure has been provided earlier.

**CREDIT LIFE/CREDIT DISABILITY:** Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional cost.

| Type | Premium | Signature | |
|---|---|---|---|
| Credit Life | | I want credit life insurance. | Signature: |
| Credit Disability | | I want credit disability insurance. | Signature: |
| Credit Life and Disability | | I want credit life and disability insurance. | Signature: |

**INSURANCE:** The following insurance is required to obtain credit:
☐ Credit life insurance  ☐ Credit disability  ☐ Property insurance  ☐ Flood insurance
You may obtain the insurance from anyone that is acceptable to creditor
☐ If you purchase  ☐ property  ☐ flood insurance from creditor you will pay $          for a one year term.
**SECURITY:** You are giving a security interest in: **1625 GRIFFIN STREET, Oceanside CA 92054**
☐ The goods or property being purchased          ☐ Real property you already own.
**FILING FEES:** $          **5.00**
**LATE CHARGE:** If a payment is more than   10 days late, you will be charged   **10.000** % of the payment
**PREPAYMENT:** If you pay off early, you
☑ may          ☐ will not   have to pay a penalty.
☐ may          ☑ will not   be entitled to a refund of part of the finance charge.
**ASSUMPTION:** Someone buying your property
☐ may          ☐ may, subject to conditions          ☑ may not   assume the remainder of your loan on the original terms.
See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties
☑ * means an estimate          ☑ all dates and numerical disclosures except the late payment disclosures are estimates.

* * NOTE: The Payments shown above include reserve deposits for Mortgage Insurance (if applicable), but exclude Property Taxes and Insurance.

THE UNDERSIGNED ACKNOWLEDGES RECEIVING A COMPLETED COPY OF THIS DISCLOSURE.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**EXHIBIT H**

27

**ITEMIZATION OF AMOUNT FINANCED**

28

Fransen & Molinaro, LLP
1101 California Ave. Ste. 102
Corona, CA 92881
Tel. (951)520-9684

COMPLAINT AND DEMAND FOR JURY TRIAL (Gomez v. Estate of Swab, et. al.)

# ITEMIZATION OF AMOUNT FINANCED

| | |
|---|---|
| Applicants: **ROGER MICHAEL GOMEZ** | Lender: **AMF FUNDING GROUP**<br>**217 ESCONDIDO AVE. #2** |
| Property Addr: **1625 GRIFFIN STREET**<br>**Oceanside, CA 92054** | **VISTA , CA 92084**<br>**760-727-3020** |
| Application No: **R. GOMEZ** | Date Prepared: **06/22/2006** |

| Total Loan Amount $ | 410,000.00 | Prepaid Finance Charge $ | | Amount Financed $ | 410,000.00 |
|---|---|---|---|---|---|

## ITEMIZATION OF PREPAID FINANCE CHARGE

| | |
|---|---|
| Total Prepaid Finance Charge | 0.00 |

## AMOUNT PAID ON YOUR ACCOUNT / PAID TO OTHERS ON YOUR BEHALF

| | | |
|---|---|---|
| Loan Origination Fee | 1.000 % + $ | |
| Loan Discount | | 4,100.00 |
| Appraisal Fee | | |
| Credit Report | | |
| Lender's Inspection Fee | | |
| Mortgage Broker Fee | | |
| Tax Related Service Fee | | |
| Processing Fee | | |
| Underwriting Fee | | |
| Wire Transfer Fee | | |
| LINCOLN MUTUAL COMMISSION | | 6,462.08 |
| AMF FUNDING GROUP COMMISSION | | 6,462.08 |
| | | |
| Interest for | 119.5833 per day | |
| Mortgage Insurance Premium | | |
| Hazard Insurance Premium | | |
| | | |
| VA Funding Fee | | |
| | | |
| Hazard Insurance Premiums | 62.00 per month | |
| Mortgage Ins. Premium Reserves | | |
| School Tax | | |
| Taxes and Assessment Reserves | 200.00 per month | |
| Flood Insurance Reserves | | |
| | | |
| Closing or Escrow Fee: AMF FUNDING GROUP | | 550.00 |
| Document Preparation Fee | | 350.00 |
| Notary Fees | | |
| Attorney Fees | | |
| Title Insurance: NEW CENTURY TITLE | | 1,175.00 |
| SUB ESCROW FEE TO NEW CENTURY TITLE | | 150.00 |
| | | |
| Recording Fees: | | 50.00 |
| City/County Tax/Stamps: | | |
| State Tax/Stamps | | |
| | | |
| Pest Inspection | | |
| DELINQUENT PROPERTY TAXES | | 2,623.98 |
| ALLADION BAIL BONDS | | 2,824.33 |
| | | |
| Total Estimated Settlement Charge | | 24,747.47 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Fransen & Molinaro, LLP
1101 California Ave. Ste. 102
Corona, CA 92881
Tel. (951)520-9684

**EXHIBIT I**

**DEMAND FOR RESCISSION**

COMPLAINT AND DEMAND FOR JURY TRIAL (<u>Gomez v. Estate of Swab, et. al.</u>)

Nathan Fransen, Esq.
Attorney at Law, Broker

Paul J. Molinaro, M.D., J.D.
Attorney at Law, Physician

# The Law Offices of
# Fransen & Molinaro, LLP

To:    James R. Swab, Estate of James R. Swab, or His Successors, and/or Assigns
       P.O. Box 194
       Carlsbad, CA 92018

CC:    Shirley Ann Statham-Swab          AMF Funding Group, Inc.
       c/o Zenith Trustee Services       217 Escondido Avenue, Suite 2
       217 Escondido Avenue, Suite 2     Vista, CA 92084
       Vista, CA 92084

       Law Offices of Russel T. Little, ap.c
       185 West F Street, Suite 100
       San Diego, CA 92101

From:  Paul J. Molinaro, Esq.
       *Sent by Fax to (760)758-5215, U.S. Mail, or Hand Delivery*

Date:  November 29, 2007

Re:    **Pursuant to The Truth In Lending Act**
       Rescission of Loan Number 2006-1083
       Borrower: Roger Gomez, Property Address: 1625 Griffin Street, Oceanside, CA 92054

To Whom It May Concern:

My law firm represents Roger Gomez concerning the loan transaction which he entered into with James R. Swab (identified as loan number 2006-1083) on or about June 22, 2006. We have been authorized by our client to rescind this transaction **and hereby exercise this right and do rescind this loan** pursuant to the Federal Truth In Lending Act (hereafter "TILA"), *15 U.S.C. § 1635, Regulation Z § 226.23*. The claims listed below which give rise to the extended rescission period are sufficient under the referenced statutes, but are not intended to be all inclusive. Additional violations of TILA and applicable state lending laws may not be known at this time.

## CLAIMS RELATED TO THE RIGHT TO CANCEL FORM

TILA, at *15 U.S.C. § 1635(a)* as implemented under *Regulation Z § 226.23 (b)*, requires that each borrower receive two (2) completed copies of the right to rescind notice. Such notice is required to clearly and conspicuously disclose: (1) the retention or acquisition of a security interest in the consumer's principal dwelling; (2) the consumer's right to rescind the transaction; (3) how to exercise the right to rescind with a form for that purpose, designating the address of

**I 1**

the creditor's place of business; (4) the effects of rescission; and (5) the date the rescission period expires. *Regulation Z § 226.23(h)(1)(i-v)*. Roger Gomez was given only one notice of the right to cancel, not two as required. Courts have upheld that such a violation gives rise to an extended rescission period. The extended rescission period is three (3) years.

While it is possible to waive the right to rescind, the law is clear on the procedure for doing so. To modify or waive the right to rescind, the borrower must giver the creditor a dated, written statement describing the emergency, specifically waiving or modifying the right to rescind, and bearing the signature of all entities entitled to rescind. *Wiggins v. Avco Fin. Servs.*, (62 F.Supp.2d 90 (D.D.C., 1994)) found that use of a pre-printed form was a violation. Here, the document purporting to waive Mr. Gomez's right to rescind was not written by him but typed by the escrow officer or another person. Mr. Gomez was presented with this pre-written document at signing and took no part in its drafting or writing. He did not waive his right to rescind.

The failure of James R. Swab to provide fully two completed copies of the Right to Cancel notice to Mr. Gomez is a material violation of TILA, and because Mr. Gomez did not waive this right, such violation provides a three-year right to rescind the loan transaction.

## FAILURE TO PROVIDE AN ACCURATE TRUTH-IN-LENDING DISCLOSURE STATEMENT

The final Truth-In-Lending statement provided to Mr. Gomez stated an Annual Percentage Rate ("APR") of 10.500%. This figure is the exact same percentage rate quoted as the interest rate in the note. Because the APR must take into account all costs of the loan, and not just the interest rate, and because there were closing costs of almost twenty thousand dollars on this four hundred and ten thousand dollar loan, the calculated APR is inaccurate. This is a violation of TILA which gives rise to the extended right of rescission. Because Mr. Gomez did not waive his right to rescind, this violation has extended his right to rescind to three years.

## FAILURE TO REQUIRE FULL DOCUMENTATION FROM THE BORROWER AS REQUIRED BY THE HOME OWNERSHIP AND EQUITY PROTECTION ACT ("HOEPA")

In summary, HOEPA prohibits prepayment penalties unless all five of the following criteria are met: (1) The loan must not cause the borrower to pay more than fifty percent of his gross income toward "monthly indebtedness payments;" (2) The income and expense statements of the borrower must be verified by a financial statement signed by the consumer; (3) The loan is not a refinance with the original lender; (4) The prepayment penalty is no longer than five years; and (5) The penalty must be legal under the applicable law.

Here, Mr. Gomez was not employed at the time he applied for, and was granted, the loan. The loan payments were thus more than fifty percent of his gross income. Furthermore, Mr. Gomez did not have pay stubs nor any other documentation of employment because he was not employed. Income verification for employment must include payment records or an employer's verification . *15 U.S.C. § 1639(c)(2)(A)(ii)* and *Reg. Z § 226.32(d)(7)(iii)*. The violations of HOEPA above provide an extended right of rescission.

I2

## UNDISCLOSED BROKER KICKBACK

The Itemization of the Amount Financed shows a commission of $6,462.08 payable to AMF Funding Group and another commission of $6,462.08 payable to Lincoln Mutual. Mr. Gomez had originally applied for a loan with Lincoln Mutual but the transaction did not close. When he questioned the payoff to a broker who was not doing the loan, he was told by the signing agent that they did a lot of business with Lincoln Mutual and needed to make sure they were thanked for their referrals. This illegal payoff is in itself a violation of law, but makes the costs of the loan unreasonable which is also violation of law.

## EFFECT OF RESCISSION

The security interest held by James R. Swab, his successors and/or his assigns is void upon our rescission (See *15 U.S.C. § 1635; Regulation Z § 226.23 and 15 U.S.C. § 1641(c)*). Pursuant to the Regulation, you have **twenty (20) days** after receipt of this notice of rescission to return to my client all monies paid and to take action necessary or appropriate to reflect termination of the security interest. Upon the discharge of your statutory duties, my client will perform all necessary actions required by *15 U.S.C. § 1635(b); Regulation Z, §§ 226.15(d)(3), 226.23(d)(3)*.

My client will allow tender the amount due after appropriate credits are made by you to his account. Please be advised that if you do not cancel the security interest and return all consideration paid by our client prior to the statutory limits, you will be responsible for actual and statutory damages pursuant to *15 U.S.C. § 1640(a)*.

## CONCLUSION

Roger Gomez hereby rescinds the loan identified by James R. Swab Loan Number 2006-1083, which may have a different loan number and note holder as of the date of this letter. Please send written confirmation that you have received this letter, and your response to it, within **ten (10) days** of receipt. Also, please send me a copy of our client's full payment history and any and all other documentation showing the loan disbursements, loan charges, payments made, and current principal balance due.

If we do not receive a reply from you within the statutory time for reply, we will file suit in court demanding rescission under federal and state law, and we will seek all applicable penalties as allowed under both federal and state law. Such a law suit will likely set forth other causes of action not stated in this letter.

We look forward to your timely reply and efficient resolution of this matter so that all parties may be spared further expense.

Sincerely,

Paul J. Molinaro, Esq.
*Fransen & Molinaro, LLP, Attorneys for Roger Gomez*

**I3**

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 145939    — BH

December 27, 2007
16:23:07

## Civ Fil Non-Pris
USAO #.: 07CV2423 CIVIL FILING
Judge..: THOMAS J WHELAN
Amount.:                    $350.00 CK
Check#.: BC# 15907

Total-> $350.00

FROM: CIVIL FILING
      GOMEZ V. ESTATE OF JAMES ROBER

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ROGER MICHAEL GOMEZ

## DEFENDANTS
ESTATE OF JAMES ROBERT SWAB and DOES 1-10

(b) County of Residence of First Listed Plaintiff    SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    SAN DIEGO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Fransen & Molinaro, 1101 California Avenue, #102, Corona, CA 92881
(951)520-9684

Attorneys (If Known)

'07 CV 2423 W WMc

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 365 Personal Injury - Product Liability | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | **PERSONAL PROPERTY** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 370 Other Fraud | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 371 Truth in Lending | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 380 Other Personal Property Damage | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☒ 290 All Other Real Property | ☐ 385 Property Damage Product Liability | | | ☐ 950 Constitutionality of State Statutes |
| | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | |
| | ☐ 442 Employment | **Habeas Corpus:** | | |
| | ☐ 443 Housing/ Accommodations | ☐ 530 General | | |
| | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Section 1601 (Truth-In_Lending Act, "TILA"))
Brief description of cause:
Defendant violated TILA by failing to provide Plaintiff with accurate material do

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
Plaintiff requested dismissal without prejudice (Filed 12-19-07)
JUDGE District Judge R. Gary Klausner
DOCKET NUMBER CV07-8233-RGK (CWx)

DATE
12/21/2007

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 145939    AMOUNT $350 12/27/07 BH    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS 44 Reverse (Rev. 11/04)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.       (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.       **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

III.       **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.       **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

V.       **Origin.**  Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district court under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

VI.       **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**       Example:       U.S. Civil Statute: 47 USC 553
                                                     Brief Description: Unauthorized reception of cable service

VII.       **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.       **Related Cases.**  This section of the JS 44 is used to reference related pending cases if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.