Martin T. McGuinn (SBN 082530)
Jana Logan (SBN 171152)
KIRBY & McGUINN, A P.C.
600 B Street, Suite 1950
San Diego, California 92101-4515
Telephone: (619) 685-4000  Facsimile:  (619) 685-4004

Attorneys for Defendant
Shirley Swab, Trustee of the
Estate of James Robert Swab

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROGER MICHAEL GOMEZ, | ) | Case No. 07 CV 2423 W-WMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ANSWER OF SHIRLEY SWAB, TRUSTEE** |
| v. | ) | **OF THE ESTATE OF JAMES ROBERT** |
| | ) | **SWAB AND THE DEFENDANT SUED AS** |
| ESTATE OF JAMES ROBERT SWAB and | ) | **THE "ESTATE OF JAMES ROBERT** |
| DOES 1-10, | ) | **SWAB"** |
| | ) | |
| Defendants, | ) | |
| | ) | |

Defendant, Shirley Swab, Trustee of the Estate of James Robert Swab ("Defendant"), sued herein as the "Estate of James Robert Swab," answers the Complaint for Damages, et al., filed December 27, 2007 (the "Complaint") on behalf of Plaintiff Roger Michael Gomez as follows:

1.  Defendant admits the allegations in that such jurisdiction exists as to the First and Second Claims for Relief, which relate to Truth-in-Lending.  Except as expressly and specifically admitted, Defendant denies the allegations of paragraph 1.

2.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Court's supplemental jurisdiction over Defendant's state law claims and on such basis denies the allegations of paragraph 2.

3.  Paragraph 3 contains no allegations of fact and consists simply of introductory material. For this reason, Defendant denies all allegations of paragraph 3.

4.    Paragraph 4 contains no allegations of fact and consists simply of introductory material. For this reason, Defendant denies all allegations of paragraph 4.

5.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the legal interest of Plaintiff in the real property referred to in the Complaint, or as to the legal effect of the ownership, and for that reason Defendant denies the allegations in paragraph 5.

6.    Defendant admits and alleges that James Robert Swab passed away prior to the filing of the Complaint.   Defendant admits that the affairs of the Estate of James Robert Swab are being handled by Shirley Ann Statham-Swab. Except as expressly and specifically admitted, Defendant denies the allegations of paragraph 6.

7.    Defendant denies the allegations of paragraph 7.

8.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and for that reason denies each and every allegation of paragraph  8.

9.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and for that reason denies each and every allegation of paragraph  9.

10.    Paragraph 10 contains no allegations of fact and consists simply of introductory material. For this reason, Defendant denies all allegations of paragraph 10.

11.    Defendant admits that Roger Michael Gomez entered into a loan secured by a deed of trust on property located at 1625 Griffin Street, Oceanside, California.  Defendant denies the remaining allegations of paragraph 11.

12.    Defendant denies all allegations of paragraph 12 and alleges that the Note Secured by Deed of Trust, Deed of Trust with Assignment of Rents and AMF Funding Group Escrow Instructions, copies of which are attached to the Complaint, speak for themselves.

13.    Defendants admits that James R. Swab is the beneficiary of record under a deed of trust encumbering one parcel of the real property referred to in the Complaint as the Subject Property. Except as expressly admitted and alleged, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and for that reason deny each and every allegation of paragraph  13.    Defendant alleges that the Note Secured by Deed of Trust, Deed of Trust with

1  Assignment of Rents and AMF Funding Group Escrow Instructions, copies of which are attached to the
2  Complaint, speak for themselves.

3       14.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the
4  allegations of paragraph 14, and for that reason deny each and every allegation of paragraph 14.

5       15.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the
6  allegations of paragraph 15, and for that reason deny each and every allegation of paragraph 15.

7       16.    Defendant denies all allegations of paragraph 16 and alleges that the Note Secured by
8  Deed of Trust, a copy of which is attached to the Complaint, speaks for itself.

9       17.    Defendant denies all allegations of paragraph 17 and alleges that the Balloon Payment
10  Disclosure, a copy of which is attached to the Complaint, speaks for itself.

11       18.    Defendant denies the allegations of Paragraph 18.

12       19.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the
13  matters alleged in paragraph 19, and for that reason denies each and every allegation of paragraph 19.

14       20.    Defendant admits that on November 30, 2007, a Trustee's Sale was conducted on the real
15  property referred to in the Complaint as the "Subject Property".  Except as expressly admitted and
16  alleged, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the
17  matters alleged in paragraph 20, and for that reason deny each and every allegation of paragraph 20.

18       21.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the
19  allegations of paragraph 21, and for that reason deny each and every allegation of paragraph 21.

20       22.    Defendant incorporates by this reference her responses to paragraphs 1 through 21 set
21  forth above.

22       23.    Paragraph 23 contains a legal conclusion an no allegations of fact and for this reason,
23  Defendant denies each and every allegation of paragraph 23.

24       24.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the
25  allegations of paragraph 24 and on that basis denies all allegations of paragraph 24 and alleges that the
26  Notice of Right to Cancel, a copy of which is attached to the Complaint, speaks for itself.

27       25.    Paragraph 25 contains a legal conclusion an no allegations of fact and for this reason,
28  Defendant denies each and every allegation of paragraph 25.

1      26.     Paragraph 26 contains a legal conclusion an no allegations of fact and for this reason,

2 Defendant denies each and every allegation of paragraph 26.

3      27.     Paragraph 27 contains a legal conclusion an no allegations of fact and for this reason,

4 Defendant denies each and every allegation of paragraph 27.

5      28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

6 allegations of paragraph 28, and for that reason denies each and every allegation of paragraph 28 and

7 alleges that the Waiver of Right to Cancel, a copy of which is attached to the Complaint, speaks for itself.

8      29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

9 allegations of paragraph 29, and for that reason denies each and every allegation of paragraph 29 and

10 alleges that the Waiver of Right to Cancel, a copy of which is attached to the Complaint, speaks for itself.

11      30.     Paragraph 30 contains a legal conclusion an no allegations of fact and for this reason,

12 Defendant denies each and every allegation of paragraph 30.

13      31.     Defendant alleges that the Notice of Right to Cancel, Note Secured by Deed of Trust and

14 Deed of Trust speak for themselves and for that reason denies each and every allegation of paragraph 31.

15      32.     Paragraph 32 contains a legal conclusion an no allegations of fact and for this reason,

16 Defendant denies each and every allegation of paragraph 32.

17      33.     Defendant denies each and every allegation of paragraph 33.

18      34.     Defendant denies each and every allegation of paragraph 34.

19      35.     To the extent that the allegations of paragraph 35 contain legal conclusions, Defendant

20 denies those allegations.

21      36.     To the extent that the allegations of paragraph 36 contain legal conclusions, Defendant

22 denies those allegations.

23      37.     Defendant admits that on November 30, 2007, a Trustee's Sale was conducted on the real

24 property referred to in the Complaint as the "Subject Property". Except as expressly admitted and

25 alleged, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

26 matters alleged in paragraph 37, and for that reason deny each and every allegation of paragraph 37.

27      38.     Defendant denies each and every allegation of paragraph 38, and answer the

28 subparagraphs of paragraph 38 as follows:

1         a.    To the extent that the allegations of paragraph 38 contain legal conclusions

2    Defendant denies each and every allegation of subparagraph a.

3         b.    To the extent that the allegations of paragraph 38 contain legal conclusions

4    Defendant denies each and every allegation of subparagraph b.

5         c.    To the extent that the allegations of paragraph 38 contain legal conclusions

6    Defendant denies each and every allegation of subparagraph c.

7         d.    To the extent that the allegations of paragraph 38 contain legal conclusions

8    Defendant denies each and every allegation of subparagraph d.

9         e.    To the extent that the allegations of paragraph 38 contain legal conclusions

10   Defendant denies each and every allegation of subparagraph e.

11        f.    To the extent that the allegations of paragraph 38 contain legal conclusions

12   Defendant denies each and every allegation of subparagraph f.

13        g.    To the extent that the allegations of paragraph 38 contain legal conclusions

14   Defendant denies each and every allegation of subparagraph g.

15   39.    Paragraph 39 contains no allegations of fact and for this reason Defendant denies all the

16   allegations of paragraph 39.

17   40.    Defendant incorporates by this reference paragraphs 1 through 39 of this Answer.

18   41.    To the extent that the allegations of paragraph 41 contain legal conclusions Defendant

19   denies each and every allegation of paragraph 41.

20   42.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

21   allegations of paragraph 42 and on that basis denies all allegations of paragraph 42 and alleges that the

22   Truth-in-Lending Disclosure Statement, a copy of which is attached to the Complaint, speaks for itself.

23   43.    Defendant denies all allegations of paragraph 43 and alleges that the Note Secured by

24   Deed of Trust, a copy of which is attached to the Complaint, speaks for itself.

25   44.    Defendant denies all allegations of paragraph 44 and alleges that the Itemization of

26   Amount Financed, a copy of which is attached to the Complaint, speaks for itself.

27   45.    Paragraph 45 contains a legal conclusion an no allegations of fact and for this reason,

28   Defendant denies each and every allegation of paragraph 45.

1    46.    Defendant denies all allegations of paragraph 46 and alleges that the Truth-in-Lending

2    Disclosure Statement, a copy of which is attached to the Complaint, speaks for itself.

3    47.    Paragraph 47 contains a legal conclusion an no allegations of fact and for this reason,

4    Defendant denies each and every allegation of paragraph 47.

5    48.    Paragraph 48 contains a legal conclusion an no allegations of fact and for this reason,

6    Defendant denies each and every allegation of paragraph 48.

7    49.    Paragraph 49 contains a legal conclusion an no allegations of fact and for this reason,

8    Defendant denies each and every allegation of paragraph 49.

9    50.    To the extent that the allegations of paragraph 50 contain legal conclusions Defendant

10   denies each and every allegation of paragraph 50 and alleges that the Demand for Rescission, a copy of

11   which is attached to the Complaint, speaks for itself.

12   51.    Defendant denies each and every allegation of paragraph 51.

13   52.    Paragraph 52 contains a legal conclusion an no allegations of fact and for this reason,

14   Defendant denies each and every allegation of paragraph 52.

15   53.    Paragraph 53 contains a legal conclusion an no allegations of fact and for this reason,

16   Defendant denies each and every allegation of paragraph 53.

17   54.    Defendant admits that on November 30, 2007, a Trustee's Sale was conducted on the real

18   property referred to in the Complaint as the "Subject Property".  Except as expressly admitted and

19   alleged, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

20   matters alleged in paragraph 54, and for that reason deny each and every allegation of paragraph 54.

21   55.     Defendant denies each and every allegation of paragraph 55, and answer the

22   subparagraphs of paragraph 55 as follows:

23        a.    To the extent that the allegations of paragraph 55 contain legal conclusions

24   Defendant denies each and every allegation of subparagraph a.

25        b.    To the extent that the allegations of paragraph 55 contain legal conclusions

26   Defendant denies each and every allegation of subparagraph b.

27        c.    To the extent that the allegations of paragraph 55 contain legal conclusions

28   Defendant denies each and every allegation of subparagraph c.

1        d.     To the extent that the allegations of paragraph 55 contain legal conclusions

2 Defendant denies each and every allegation of subparagraph d.

3        e.     To the extent that the allegations of paragraph 55 contain legal conclusions

4 Defendant denies each and every allegation of subparagraph e.

5        f.     To the extent that the allegations of paragraph 55 contain legal conclusions

6 Defendant denies each and every allegation of subparagraph f.

7        g.     To the extent that the allegations of paragraph 55 contain legal conclusions

8 Defendant denies each and every allegation of subparagraph g.

9        h.     To the extent that the allegations of paragraph 55 contain legal conclusions

10 Defendant denies each and every allegation of subparagraph h.

11    56.     Paragraph 56 contains no allegations of fact and for this reason Defendant denies all the

12 allegations of paragraph 56.

13    57.     Answering paragraph 57, Defendant incorporates by this reference paragraphs 1 through

14 39 of this Answer.

15    58.     Defendant denies each and every allegation of paragraph 58 to the extent that it exceeds

16 the language of Business and Professions Code §§ 17200 et seq.

17    59.     Defendant admits that Swab was a lender who was in the business of providing loans to

18 the public.  Except as expressly and specifically admitted, Defendant denies the allegations of paragraph

19 59.

20    60.     Defendant denies each and every allegation of paragraph 60.

21    61.     Defendant denies each and every allegation of paragraph 61.

22    62.     Defendant denies each and every allegation of paragraph 62.

23    63.     Defendant denies each and every allegation of paragraph 63.

24    64.     Defendant admits that a three-day notice to quit was served on the Plaintiff and further

25 alleges that the Plaintiff is no longer occupying the real property which is described in the Complaint as

26 the "Subject Property".  Except as expressly admitted, Defendant denies each and every allegation of

27 paragraph 64.

28 / / /

1   65.     Paragraph 65 contains no allegations of fact and for this reason Defendant denies all the

2   allegations of paragraph 65.

3   66.     Answering paragraph 66, Defendant incorporates by this reference paragraphs 1 through

4   48 of this Answer.

5   67.     Defendant denies each and every allegation of paragraph 67.

6   68.     Defendant denies each and every allegation of paragraph 68.

7   69.     Paragraph 66 contains no allegations of fact and for this reason Defendant denies all the

8   allegations of paragraph 69.

9   70.     Answering paragraph 70, Defendant incorporates by this reference paragraphs 1 through

10  52 of this Answer.

11  71.     Defendant admits that on November 30, 2007, a Trustee's Sale was conducted on the real

12  property referred to in the Complaint as the "Subject Property". Except as expressly admitted and

13  alleged, Defendant denies each and every allegation of paragraph 71.

14  72.     To the extent that the allegations of paragraph 72 contain legal conclusions Defendant

15  denies each and every allegation of paragraph 72.

16  73.     To the extent that the allegations of paragraph 73 contain legal conclusions Defendant

17  denies each and every allegation of paragraph 73.

18  74.     Paragraph 74 contains no allegations of fact and for this reason Defendant denies all the

19  allegations of paragraph 74.

20  FIRST AFFIRMATIVE DEFENSE

21  75.      Without admitting any of the allegations contained in the Complaint, Defendant alleges

22  that the Complaint , and each and every purported claim for relief contained therein, fails to allege facts

23  sufficient to state a claim against Defendant.

24  SECOND AFFIRMATIVE DEFENSE

25  76.     Any alleged failure by Defendant under the Truth in Lending Act ("TiLA"), which

26  Defendant denies, was the result of an unintentional and bona fide error. Defendant reasonably relies on

27  a third party licensed California real estate broker whose job it is to prepare the disclosure statements.

28  / / /

1  THIRD AFFIRMATIVE DEFENSE

2      77.    Defendant is informed and believes and thereupon alleges: The failure to make the

3  required disclosures occurred, if at all, at the time the loan documents were signed, that the Plaintiff was

4  in full possession of all information relevant to the discovery of a TiLA violation, if any, and a § 1640(a)

5  damages claim on the day the loan papers were signed, therefore the limitation period has run on the

6  rescission claim.

7  FOURTH AFFIRMATIVE DEFENSE

8      78.    Defendant is informed and believes and thereupon alleges:  The right to rescind expires

9  when the Subject Property was sold.  See, 12 C.F.R. § 226.23(a)(3).

10  FIFTH AFFIRMATIVE DEFENSE

11      79.    Defendant is informed and believes and thereupon alleges:  This action is barred by reason

12  of the Plaintiff's conduct, acts and omissions, which constitute an estoppel to assert the claims alleged

13  in the Complaint.

14  SIXTH AFFIRMATIVE DEFENSE

15      80.    Without admitting any of the allegations contained in the Complaint, Defendant alleges

16  that the injuries and damages, if any, allegedly sustained by Plaintiff are speculative, indefinite and

17  uncertain in that the Complaint fails to allege with specificity what acts or omissions on the part of

18  Defendant proximately caused the damages, if any, in the amounts claimed, or give rise to Plaintiff's

19  claims for relief requested.

20  SEVENTH AFFIRMATIVE DEFENSE

21      81.    Without admitting any of the allegations contained in the Complaint, Defendant alleges

22  that Plaintiff's damages, if any, were proximately caused solely by the intervening conduct, acts or

23  omissions of parties other than Defendant.

24  EIGHTH AFFIRMATIVE DEFENSE

25      82.    Without admitting any of the allegations contained in the Complaint, Defendant is

26  informed and believes and thereupon alleges: The Plaintiff unreasonably delayed to assert the claims

27  alleged in the Complaint, such that the Plaintiff's  claims are barred under the doctrine of laches.

28  ///

NINTH AFFIRMATIVE DEFENSE

83.    Without admitting any of the allegations contained in the Complaint, Defendant alleges that Plaintiff would be unjustly enriched if he recovered any of the sums alleged to be due in the Complaint.

TENTH AFFIRMATIVE DEFENSE

84.    Defendant's conduct is not the sole and proximate cause of the alleged damages, if any. Any damages awarded to Plaintiff must be apportioned according to the respective fault and legal responsibility of all parties, persons, and entities or their agents and employees who contributed to and/or caused the alleged damages, if any, according to proof presented at the time of trial.

ELEVENTH AFFIRMATIVE DEFENSE

85.    Defendant's actions, if any, with respect to the subject matters in each of the alleged causes of action were undertaken in good faith and for good cause, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper, fair, and justified means to further the sole purpose of Defendant to engage in and continue lawful business activities.  Furthermore, all decisions made my Defendant were reasonably based on legitimate, business reasons, and were made for proper, business-related reasons which were neither arbitrary, capricious, nor unlawful.  By reason thereof, Plaintiff is barred, in whole or in part, from recovery on any of the purported causes of action.

TWELFTH AFFIRMATIVE DEFENSE

86.    Defendant is informed and believes, and thereon alleges, that she complied with all requirements under state and federal law for making the loan to Plaintiff with all required disclosures and notices of all rights under said statutes in a timely manner.

THIRTEENTH AFFIRMATIVE DEFENSE

87.    Defendant is informed and believes, and thereon alleges, that Plaintiff failed to mitigate the damages alleged in the Complaint.  To the extent that such failure to mitigate, any recovery by Plaintiff should be reduced.

FOURTEENTH AFFIRMATIVE DEFENSE

88.    Defendant is informed and believes, and thereon alleges, that Plaintiff's claims are barred by the doctrine of judicial estoppel.

FIFTEENTH AFFIRMATIVE DEFENSE

89.    Defendant is informed and believes, and thereon alleges, that Plaintiff failed to notify Defendant of the alleged default or liability within a reasonable time or pursuant to a proper method.

SIXTEENTH AFFIRMATIVE DEFENSE

90.    Defendant is informed and believes, and thereon alleges, that Plaintiff is guilty of inequitable conduct, thereby barring Plaintiff from recovery of any damages.

SEVENTEENTH AFFIRMATIVE DEFENSE

91.    Defendant is informed and believes, and thereon alleges, the Complaint is barred by the doctrine of unclean hands.

EIGHTEENTH AFFIRMATIVE DEFENSE

92.    Defendant is informed and believes, and upon such information and belief, alleges that Plaintiff's complaint, and each cause of action therein, is barred by the doctrine of waiver.

NINETEENTH AFFIRMATIVE DEFENSE

93.    Without admitting any of the allegations contained in the Complaint, Defendant alleges that the Plaintiff failed to tender payment of the indebtedness owing as a condition precedent to voiding or setting aside the non-judicial foreclosure sale. *Karlsen v. American Savings and Loan Association* (1971) 15 Cal.App.3d 112, 92 Cal.Rptr. 851.

TWENTIETH AFFIRMATIVE DEFENSE

94.    As a separate affirmative defense, and without admitting any of the allegations contained in the Complaint, Defendant hereby reserves any other Affirmative Defenses with respect to the Complaint which may become apparent upon discovery in this matter and which may be hereinafter asserted with respect to this action.

TWENTY-FIRST AFFIRMATIVE DEFENSE

95.     Defendant alleges that she presently has insufficient knowledge or information on which to form a belief as to whether she may have additional, as yet unstated, claims for relief available. Defendant reserves her right to assert claims for relief as counterclaims, cross-claim and/or third party claims, in the event discovery or an investigation indicates that they would be appropriate.

///

1        WHEREFORE Defendant prays as follows:

2        96.    That the Plaintiff obtain no relief by way of the Complaint.

3        97.    For costs of suit.

4        98.    For reasonable attorney's fees.

5        99.    For such other and further relief as the Court deems just.

6

7   DATE:   March 27, 2008                    KIRBY & McGUINN, A P.C.

8

9                                             By: s/ Jana Logan
                                                  Attorneys for Defendant Shirley Swab,
10                                                Trustee of the Estate of James Robert Swab
                                                  jlogan@kirbymac.com
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28